**Opinion issued August 30, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-15-00517-CR**

**NO. 01-15-00518-CR**

———————————

**JOHN HENRY SKILLERN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1436278 & 1436279**

---

## MEMORANDUM OPINION

Appellant, John Henry Skillern, pleaded guilty without an agreed recommendation on punishment to the third-degree felony offense of possession of child pornography and the second-degree felony offense of promotion of child

pornography.[1]  After appellant pleaded true to the allegations in an enhancement paragraph, the trial court found the enhancement allegations true and assessed appellant's punishment at twenty years' confinement and forty-five years' confinement, respectively, to run concurrently.  The trial court certified that the case is not a plea-bargain case and that appellant has the right to appeal.  Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority.  *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. 1978).  Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155

---

[1]  *See* TEX. PENAL CODE ANN. § 43.26(a) (West Supp. 2015) (possession of child pornography); *id.* § 43.26(e) (promotion of child pornography).  Appellant was convicted of possession of child pornography in trial court cause number 1436278, which resulted in appellate cause number 01-15-00517-CR, and promotion of child pornography in trial court cause number 1436279, which resulted in appellate cause number 01-15-00518-CR.

(Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel has also informed us that he delivered a copy of the appellate record and the brief to appellant and informed him of his right to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008); *see also Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014) (holding that appellate counsel who files *Anders* brief must "take concrete measures to initiate and facilitate the process of actuating his client's right to review the appellate record, if that is what his client wishes").

In his pro se response, appellant argues that he did not receive his *Miranda* warnings, that the arresting officers used excessive force, that the State's witness at the sentencing hearing committed perjury, that the trial court improperly admitted evidence, that his sentences violated the Eighth Amendment, and that his trial counsel rendered ineffective assistance.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court

3

determines whether arguable grounds exist by reviewing entire record).  We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2]  Attorney Kyle B. Johnson must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).